### Cunneen *v.* The State.

1. The motion for a continuance, on the ground of the absence of a material witness, being in all respects complete, and the expected testimony of the witness being vitally important to the accused upon the merits of the case, it was error requiring a new trial to refuse to grant the continuance because of evidence introduced by way of counter-showing, to the effect that the absent witness had on a previous occasion made a statement, not under oath, inconsistent with what the movant deposed he was able and expected to prove by this witness.

2. The issue being whether the accused carried on, or participated in carrying on, a business made criminal by law, there was no error in ruling out the following question to a witness, and his answer to the same: Q. "You know that he does not carry on this business himself; you regarded him simply as a person checking up books?" A. "Yes, sir; that was our instructions."

3. All other questions involved in this case which will probably arise on the next trial are, so far as material, covered by the rulings of this court in the case of *Henderson* v. *The State*, this day decided. January 28, 1895.

Indictment for misdemeanor. Before Judge MacDonell. City court of Savannah. November term, 1894.

By special presentment John J. Cunneen was indicted for keeping, maintaining and carrying on a scheme and device known as a policy lottery, for the hazarding of money and other valuable thing. He moved for a continuance on account of the absence of W. J. O'Dell, and assigns error on the overruling of this motion. In support thereof he made affidavit, " that W. J. O'Dell is a witness in behalf of defendant and is absent; that he has been subpœnaed; that he resides in the county where the above case is pending; that his testimony is material; that such witness is not absent by the permission, directly

or indirectly, of this applicant; that he expects that he
will be able to procure the testimony of such witness at
the next term of the court; that the application for a
continuance is not made for the purpose of delay, but to
enable him to procure the testimony of such absent wit-
ness; that there is no other witness by whom he can
prove the same facts; and that deponent expects to
prove by said absent witness that deponent did not keep,
maintain or carry on a scheme for the hazarding of
money or other valuable thing, called a policy-lottery.
Deponent further says, that he is informed and believes
that the reason of the absence of said witness is on ac-
count of illness, and appends, as part of this affidavit,
the certificate of Dr. R. J. Nunn. Deponent does swear
that said witness was sick, and that he is absent from the
city." Attached to this affidavit was a statement signed
by R. J. Nunn, M.D., that "W. J. O'Dell is ill with rheu-
matism, and is out of the State for treatment." This was
dated two days before the date of defendant's affidavit,
and does not appear to have been sworn to. Defendant
amended his affidavit as follows: "That the said witness
has been tried and found guilty for carrying on the self-
same scheme or device for which this defendant has been
indicted or accused; that said O'Dell has full knowledge
of the fact and all attending circumstances; that he
knows that the said scheme is not kept, maintained or
carried on by this defendant; that said O'Dell is ex-
pected to testify that this defendant has no connection
with the keeping, carrying on or maintaining said scheme
or device." The solicitor-general showed by the sheriff
that the subpœna for O'Dell had not been issued until
after O'Dell had left the city, and had not been served
because of O'Dell's absence. It is further assigned as
error, that the court permitted the solicitor-general, in op-
position to the motion for continuance, to introduce the
statement made by O'Dell at the trial of a case against

him in the same court at the July term, 1894, over defendant's objections, that this statement was not under oath and was not made in the presence of Cunneen; and that there was no traverse to the affidavit for continuance, and no traverse would lie as to the facts expected to be proved by the absent witness. The statement objected to was: "Gentlemen: All I have to state is, that this business belongs to Nez. Taylor. He owed me money, and I went down there to get this money. As far as this negro carpenter is concerned, I never remember having seen him. I never employed him in any way, manner or form. He may have been employed by some one else and got paid for it. I don't know anything about it. I never employed him."

GARRARD, MELDRIM & NEWMAN, for plaintiff in error. W. W. FRASER, solicitor-general, contra.

LUMPKIN, Justice.

1. The court overruled a motion for a continuance, which was based on the ground of the absence of a material witness for the accused. The substance of the showing for a continuance is set forth by the reporter. An examination of it will show that it was in all respects complete, and that the expected testimony of this witness was vitally important to the accused upon the merits of the case. This the trial judge doubtless recognized, but refused the continuance, it seems, because it appeared in a counter-showing to the motion that, on a previous occasion, the witness had made a statement, not under oath, inconsistent with what the accused deposed he was able and expected to prove by this witness.

The court ought to have continued the case, and thus have allowed the accused the opportunity to have the jury pass upon the credibility of the witness. He might have denied making any statements inconsistent with his testimony on the stand; or, even if he admitted

making contradictory statements, it would at last be a question for the jury to determine what portions, if any, of his evidence they would accept as true, and what portions they would disregard. We are constrained to grant a new trial because of the overruling of the motion to continue. It is impossible for us to say what the verdict would have been had the absent witness been present and had he testified. It is certain that if the jury believed what the accused swore he could prove by this witness, there could have been no conviction.

2. It is quite clear that no error was committed in ruling out the question and answer set forth in the second head-note. The effort was to prove by the witness that the accused did not himself carry on the business of conducting a lottery, and the form of the question, and the terms in which the answer was couched, show that it was really the opinion of the witness, and not his knowledge of facts, which was sought to be elicited.

3. Some of the questions involved in this case are substantially the same as those ruled upon in the case of *Henderson* v. *The State*, just decided, and for this reason need not be here again stated. Others relate to matters which will not probably arise on the next trial, and therefore do not call for discussion at this time; and the remaining questions raised by the motion for a new trial are of but minor importance.      *Judgment reversed.*